**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 13-4621**

—————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

        v.

RUSSELL WAYNE MILLER,

                    Defendant - Appellant.

—————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:12-cr-00016-RJC-1)

—————

Submitted:  May 29, 2014              Decided:  June 2, 2014

—————

Before SHEDD, WYNN, and THACKER, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Henderson Hill, Executive Director, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Russell Wayne Miller appeals from his conviction by a jury for possession of a firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c) (2012).[*]  Miller asserts that the evidence at trial was insufficient to support the jury's verdict regarding the "in furtherance" element of the crime.  For the reasons that follow, we affirm.

We will decline to overturn a jury verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  United States v. Dinkins, 691 F.3d 358, 387 (4th Cir. 2012) (internal quotation marks omitted), cert. denied, 133 S. Ct. 1278 (2013).  In order to convict Miller, the jury was required to determine that he possessed a firearm in furtherance of his offense of possession of marijuana with intent to distribute.  We held in United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002), that whether or not a firearm is used "in furtherance" of a crime is "ultimately a factual question" entrusted to the fact-finder. We noted in Lomax several factors that a jury might consider in deciding whether there was a connection between the possession of a firearm and a drug trafficking crime, including inter alia

---

[*]  Miller was also convicted of possession of marijuana with the intent to distribute.  However, he does not challenge this conviction on appeal.

2

the accessibility of the firearm, the type of weapon, whether the weapon is stolen, whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found. Id. (noting specifically that firearms may be used in furtherance of a drug trafficking crime when they are used for protection of drugs, drug profits, turf, or self).

In light of these factors and the entire record, sufficient evidence was adduced at trial to sustain the conviction. Miller admitted that he was growing marijuana that he planned to sell and that he possessed in his home two firearms (which were easily accessible in his bedroom) and marijuana (in a room across the hall from his bedroom). Both weapons were loaded when they were found, and Miller admitted he purchased and possessed the firearms for protection. Specifically, he obtained the firearms after two prior robberies in his residence by people who were familiar with his prior drug dealing. While Miller began growing marijuana after he had already obtained the firearms, the jury could certainly have concluded that Miller's continued possession stemmed at least in part from a perception that his home was an attractive target for robbers due to the presence of marijuana-growing equipment and marijuana plants.

We find unconvincing Miller's argument that a rational jury could determine only that the above evidence showed that he

3

possessed both guns and marijuana in the same house. While Miller contends that the guns were purchased for his personal protection and, thus, unrelated to his marijuana offense, the jury was free to reject this theory of the case. Thus, we decline to overturn the jury on this quintessentially factual question. Id. at 706. We conclude that the conviction rested on sufficient evidentiary support.

Accordingly, we affirm Miller's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4